UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROBERT SMYTH, | * | |
|  | * | |
| Plaintiff, | * | |
|  | * | |
| v. | * | |
|  | * | Civil Action No. 24-cv-10497-ADB |
|  | * | |
| FRANK BISIGNANO, | * | |
|  | * | |
| Commissioner of the Social Security Administration, | * | |
|  | * | |
| Defendant. | * | |

**ORDER REQUIRING SUPPLEMENTAL BRIEFING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (ECF NO. 27); DISMISSING PLAINTIFF'S DUPLICATE MOTION FOR ATTORNEY'S FEES (ECF NO. 31)**

BURROUGHS, D.J.

Plaintiff's July 7, 2025 motion for attorney's fees pursuant to 42 U.S.C. § 406(b) is currently before the Court.[1]  ECF No. 27.  For the reasons that follow, the Court finds that resolution of the motion appears to be premature and ORDERS supplemental briefing on several issues as detailed below.  The Court reserves ruling on Plaintiff's motion for § 406(b) attorney's

---

[1] On July 16, 2025, Plaintiff filed an identical, duplicative motion for attorney's fees and costs. ECF No. 31.  That motion, located at ECF No. 31, is DISMISSED as duplicative of the July 7, 2025 motion.

fees until the Social Security Administration ("SSA") issues the additional final notice regarding any offset to Plaintiff's award of benefits.[2]  See ECF No. 27-1, at 2.

## I. BACKGROUND

This case has a lengthy procedural history as previously set forth in the Court's March 24, 2025 order granting Plaintiff's motion to reverse the Commissioner's decision and remanding for calculation of an award of benefits.  ECF No. 23 at 8-51.  The Court will not repeat it here other than to note again that the case involved both prior and successive SSI and DIB applications, six hearings and six decisions before four different ALJs, five prior judicial appeals before five different judges, and multiple Appeals Council remand orders.  *Id.* at 8.

## II. LEGAL STANDARDS

Attorneys handling social security proceedings may seek fees for their work under both the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b), and the Social Security Act, 42

---

[2] The Court notes that on June 18, 2025, Plaintiff filed a motion to stay any filing deadline for his motion for attorney's fees, which the Court granted on June 20, 2025.  ECF Nos. 25, 26.  That motion, however, appears to have been based on the local rules for another court in the District of Maine.  *See id.*; *see also* ECF No. 27 at 5 (referring to Portland, Maine fee rates); *Pais v. Kijakazi*, 52 F.4th 486, 494 (1st Cir. 2022) (noting in resolving a § 406(b) fees motion that "the District of Maine is the only court within this circuit to have an applicable rule" regarding the timing of § 406(b) attorney's fees motions) (citing Me. Loc. R. 54.2 ("[A]ny application for fees under 42 U.S.C. §[ ]406(b) . . . shall be filed within 30 days of the date of [the NOA].")).  On July 15, 2025, Plaintiff filed a stipulated motion to lift the stay, which the Court granted on July 16, 2025.  ECF Nos. 29, 30.

Given the currently pending July 7, 2025 motion for attorney's fees, the absence of a governing local rule to the contrary, and the First Circuit's decision in *Pais*, the Court notes that there is no need for Plaintiff to seek any future stays prior to the Court's final ruling on his § 406(b) attorney's fees motion.  *See Pais*, 52 F.4th at 493-94 (holding that the timeliness of a petition for attorney fees pursuant to § 406(b) is governed by the flexible "'reasonable time' standard" of Federal Rule of Civil Procedure 60(b)(6), pursuant to which "district courts must determine whether any delay was reasonable based on the particular circumstances of each case, including any explanation for whatever delay may be at issue").

2

U.S.C. § 406(b).  *See Pais*, 52 F.4th at 490.  While the government pays an award pursuant to EAJA, an award pursuant to § 406(b) of the SSA is paid out of a successful claimant's past-due benefits.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002).  Congress' intent in implementing § 406(b) was to promote social security claimants' access to competent representation by making it easier for attorneys to collect fees.  *See id.* at 805–06.  In so doing, however, Congress also sought to protect claimants from excessive fees.  *See id.*

EAJA fees, which are paid by the SSA, are "calculated by multiplying the number of hours reasonably expended by counsel on the litigation and a reasonable hourly rate."  *Angel C. v. Kijakazi*, No. 3:21-CV-11447-KAR, 2023 WL 3572451, at *1 (D. Mass. May 19, 2023) (citing 28 U.S.C. §§ 2412(d)(1)(B), 2412(d)(2)(A), and *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986)).

Here, following this Court's March 2025 dispositive order, the parties stipulated that Plaintiff's attorneys are entitled to $12,362.75 under EAJA for work on the most recent appeal before this Court from January 2024 through June 2025. [3]  *See* ECF No. 30; ECF No. 27-5 at 7-9.

By contrast, under § 406(b), the fee is payable "out of, and not in addition to, the amount of past-due benefits."  *Gisbrecht*, 535 U.S. at 795.  Section 406(b) provides that a court may award a "reasonable" attorney fee not in excess of twenty-five percent of past-due benefits under the Social Security Act for an attorney's representation of a plaintiff for benefits before that court.  42 U.S.C. § 406(b)(1)(A).  This Court must consider several factors in determining whether a § 406(b) award is "reasonable," including "(1) the character of representation; (2) the

---

[3] This represents a $250.75/hour billing rate for Plaintiff's attorney pursuant to the records submitted with the motion.  *See* ECF No. 27-5 at 9.

results achieved; (3) whether the attorney is responsible for a delay and will profit from an accumulation of benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the amount of time counsel spent on the case." *Angel C.*, 2023 WL 3572451, at *2 (citing *Gisbrecht*, 535 U.S. at 808). "A court may exercise discretion and reduce the attorney's fee [under § 406(b)] to a 'reasonable amount in order to avoid awarding counsel a windfall." *Id.; see also Weed v. Colvin*, No. 14-271-JHR, 2016 WL 3919849, at *2 (D. Me. July 15, 2016) (same).

"Congress has harmonized EAJA and § 406(b) fees [such that] '[f]ee awards may be made under both prescriptions.'" *Pais*, 52 F.4th at 490 (quoting *Gisbrecht*, 535 U.S. at 796). "[T]he claimant's attorney[, however,] must refund to the claimant the amount of the smaller fee." *Id.*

## III.   DISCUSSION

Based on his contingency fee agreement, Plaintiff requests attorney's fees under § 406(b) in the amount of $69,000.00, which he notes constitutes less than twenty-five percent of the $305,330.00 that the SSA determined on June 4, 2025 represented Plaintiff's "past due Social Security benefits . . . from October 2009 through February 2025." *See* ECF No. 27 at 1; *see also* ECF No. 27-1 at 5.

Plaintiff, however, fails to address additional language in that same June 2025 SSA notice, which recognizes that the SSA still needs to determine the final award. *See* ECF No. 27-1 at 2. Specifically, the June 2025 notice provides that the SSA must ascertain whether the $305,330.00 award amount must be offset by Plaintiff's receipt of any SSI benefits during the

4

period from August 2010 through May 2025 – and by how much.[4]  *Id.*  While Plaintiff has included multiple exhibits with his attorney's fees motion, he has not included the subsequent SSA notice regarding the final award amount, as reduced by his prior receipt of benefits.  *See* ECF No. 27.  It is unclear to the Court whether the SSA has already issued the subsequent award notice.

Here, there is no dispute that an offset for benefits received will be required and that the $305,330.00 stated in the June 2025 notice is, therefore, not the final award amount.  *See, e.g.,* ECF No. 25 (Plaintiff's June 2025 motion for stay, noting that because Plaintiff "has been receiving ongoing SSI benefits, [c]ounsel is expecting a large SSI offset to the [awarded] benefits").  As the Court noted in its March 2025 dispositive order, Plaintiff was awarded SSI benefits at the administrative level based on a 2012 application successive to the August 2010 application at issue before the Court.[5]  *See* ECF No. 23 at 16 & n.16.

Moreover, given that Plaintiff's counsel has already received five prior EAJA fee awards related to the previous court remands in this case, an additional attorney's fee award under § 406(b), based on the overarching $305,330.00 figure, would appear to constitute double-dipping.  *See* 13-cv-10317-JGD, ECF No. 43 (awarding in March 2014, EAJA fees in the amount of

---

[4] The June 4, 2025 SSA notice states in pertinent part:

> We are withholding your Social Security benefits for August 2010 through May 2025.  We may have to reduce these benefits if you received Supplemental Security Income (SSI) for this period.  *When we decide whether or not we will have to reduce your Social Security benefits, we will send you another letter.*  We will pay you any Social Security benefits you are due for this period.

ECF No. 27-1 at 2 (emphasis added).

[5] Specifically, the Disability Determination Service ("DDS") found Plaintiff disabled on the successive application as of February 6, 2012.  *See* ECF No. 23 at 16 & n.16.

$2,778.97 and costs in the amount of $350.00); 15-cv-13693-NMG, ECF No. 24 (awarding in September 2016, EAJA fees in the amount of $2,687.93); 18-cv-11556-DJC, ECF No. 19 (awarding in May 2019, EAJA fees in the amount of $3,898.69); 20-cv-12275-MPK, ECF No. 30 (awarding in December 2021, EAJA fees in the amount of $5,719.60); 22-cv-10990-JCB, ECF No. 32 (awarding in May 2023, EAJA fees in the amount of $4,096.00). As set forth above, and as Plaintiff explicitly recognizes, a claimant is not entitled to both EAJA and § 406(b) fees for the same work. *See Gisbrecht*, 535 U.S. at 796; ECF No. 27 at 3. Before the Court can decide the § 406(b) fees motion, Plaintiff must first address whether his attorney is required to offset any § 406(b) fee award by the $19,531.19 in EAJA fees previously awarded in this case, in addition to the current $12,362.75 EAJA award for the time spent on the case from January 2024 through June 2025. *See* ECF No. 27-5 at 7-9.

Accordingly, the Court finds that additional information is needed prior to resolution of Plaintiff's § 406(b) fees motion. In particular, Plaintiff is required to supplement the record with the SSA's second, post-June 2025 award notice specifying its final award following any offset for Plaintiff's previous receipt of SSI benefits.

Additionally, Plaintiff is required to file a supplemental brief specifically addressing: (1) whether any § 406(b) award must be offset by the prior $19,531.19 in EAJA fees received –in addition to the current $12,362.75 in EAJA fees— for a total offset of $31,893.94; and (2) why, if Plaintiff continues to request $69,000.00 in § 406(b) fees as based on the 55.5 attorney hours claimed for work from January 2024 through June 2025, such an hourly rate of approximately $1,240/hour would not result in the type of "windfall" forbidden by the Supreme Court in

6

*Gisbrecht*.[6]  *See Enos v. Saul*, No. 19-10023-RGS, 2020 WL 6082127, at *3 (D. Mass. Oct. 15, 2020) (rejecting a § 406(b) fee request that "almost by definition [was] a 'windfall,'" and noting that "[i]n setting a reasonable attorney's fee, the court attempts to find a balance between the usual hourly attorney's fee rate in non-contingent litigation . . . and counsel['s] . . . chance of receiving no compensation at all if the claimant does not prevail") (quoting 4 Soc. Sec. Law & Prac. § 49.63).

In addition to the above two issues, Plaintiff may also, if he chooses, further address in his supplemental brief the additional *Gisbrecht* factors listed above in this Order, including: "(1) the character of representation; (2) the results achieved; (3) whether the attorney is responsible for a delay and will profit from an accumulation of benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the amount of time counsel spent on the case." *Angel C.*, 2023 WL 3572451, at *2 (citing *Gisbrecht*, 535 U.S. at 808).

Plaintiff's supplemental brief is due no later than **fourteen days from the date of this Order.**  With that supplemental brief, Plaintiff is required to file a copy of the SSA's subsequent award notice regarding the final award after the SSI benefits offset.  The Commissioner, if he chooses, may file a response to Plaintiff's supplemental brief within **seven days of the filing of Plaintiff's supplemental brief.**  In the event the Commissioner chooses to file a substantive response, Plaintiff may file a reply to the Commissioner's response within **seven days of the Commissioner's response.**

---

[6] Plaintiff's counsel states in the motion that their "usual and customary" rate is $395/hour.  ECF No. 27 at 5.  The motion references an affidavit in support of counsel's EAJA motion, but no such affidavit was filed with the EAJA stipulation in this case.  *See* ECF No. 30.

## IV. CONCLUSION

For the reasons above, the Court reserves ruling on Plaintiff's motion for § 406(b) attorneys fees located at ECF No. 27 until Plaintiff provides the Court with the additional SSA notice and the supplemental briefing on the issues stated above is complete. The Court DISMISSES Plaintiff's duplicate motion located at ECF No. 31.

**SO ORDERED.**

July 31, 2025

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE